# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **IN RE:** | |
| | **CHAPTER 13** |
| **Addie Mae Simmons** | **CASE NO. 15-10291** |
| *Debtor.* | |

_____

| | |
|---|---|
| **Addie Mae Simmons** | **ADVERSARY PROCEEDING NO. 21-** |
| *Plaintiff,* | |
| vs. | |
| **Green Tree Servicing LLC aka Real Time Resolution,** | |
| *Defendant* | |

## COMPLAINT OF THE DEBTOR PURSUANT TO 11 U.S.C § 506 (a) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM

**COMES NOW** the Plaintiff, Addie Mae Simmons, and pursuant to the provisions of 11 U.S.C. § 506 (a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure and brings this action to determine the value of the interest of the Defendant in the residential real estate of the Debtor and determine the amount of the allowed secured claim of the Defendant.

### Jurisdiction

**1.**

The Plaintiff alleges that this is a core proceeding as that term is defined by Section 157 (b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights and duties established under Title 11 of the United States Code and other applicable Federal law.

**2.**

The Plaintiff further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157 (b)(2) of Title 28 of the United States Code.

**3.**

This Court has jurisdiction over this proceeding because it arises under the Bankruptcy Code and it concerns property of the Debtor, pursuant to 20 U.S.C. Section 1334. This is a core proceeding. Plaintiff does consent to entry of final orders or judgment by the bankruptcy court.

**Factual Allegations**

**4.**

The underlying Chapter 13 bankruptcy case was commenced by the filing of a Voluntary Petition with the Clerk of this Court on March 10, 2015.

**5.**

The 341 (a) Meeting of Creditors was held on April 20, 2015, in Valdosta, Georgia.

**6.**

On April 14, 2015, the Defendant, Green Tree Servicing LLC aka Real Time Resolution, filed a Proof of Claim in the amount of $17,423.37.   On March 19, 2015, the Debtor filed a Chapter 13 Plan that showed this debt would be treated as an unsecured debt as the value of the real property did not exceed the amount owed to the first mortgage holder.

**7.**

The Plaintiff alleges that at the time they filed their bankruptcy petition, and at the present time, the value of their interest in their real property located at 336 Crescent Circle SW, Cairo, Georgia, was and is approximately $44,344.00.

**8.**

The Plaintiff's interest in the real estate is subject to a first lien arising out of a mortgage in favor of Carrington Mortgage Services fka CitiFinancial, in the amount of Fifty Eight Thousand Three Hundred Forty Dollars and Forty Six Cents ($58,340.46).

**Fee Assignment**

**9.**

The Plaintiff's interest in the real estate is subject to a second lien arising out of a mortgage in favor of Defendant, Green Tree Servicing LLC aka Real Time Resolution, in the amount of Seventeen Thousand Four Hundred Twenty-Three Dollars and Thirty Seven Cents ($17,423.37) as recorded in Deed Book 664 Page 158 in the Deed Records of the Office of the Clerk of Court of Grady County, Georgia.

**10.**

The lien securing the second mortgage of Green Tree Servicing LLC aka Real Time Resolution, is junior to the first mortgage listed above.

**11.**

The Plaintiff alleges that a sale of the property in the current depressed real estate market would not yield more than the amount of the first mortgage.   Therefore, Defendant is totally

unsecured as to the second mortgage.

**12.**

Pursuant to 11 U.S.C. § 506 (a), the Defendant has no allowable secured claim regarding the claim for the second mortgage on the subject real estate.

**13.**

Pursuant to the previous Order of this Court dated June 30, 2015 the Claim of the Defendant for the second mortgage is allowable as an unsecured claim.   Defendant is barred by the doctrines of Res Judicata and Collateral Estoppel from asserting a secured claim as to the subject real estate.

**WHEREFORE,** the Plaintiff respectfully prays of the Court as follows:

(1)     That this Court determine that Defendant has no secured interest for the loan secured by the second deed of trust on the real estate of the Debtor;

(2)    That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the debtors pursuant to 11 U.S.C. § 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtor within 20 days from the date of entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

(3)    That this Court direct the Trustee that any timely filed Proof of Claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

(4)    That the Plaintiff has such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED,** this the _____ day of January, 2021.

                **SELLERS & MITCHELL, P.C.**

| | |
|---|---|
| /*s/ Mark E. Mitchell* | */s/ Shelba D. Sellers* |
| MARK E. MITCHELL | Shelba D. Sellers |
| Georgia Bar No. 513405 | Georgia Bar No. 635510 |
| 106 Euclid Drive | 106 Euclid Drive |
| P.O. Box 1157 | P.O. Box 1157 |
| Thomasville, GA 31799 | Thomasville, GA 31799 |
| (229) 226-9888 | (229) 226-9888 |
| Fax: (229) 226-1100 | Fax (229) 226-1100 |