**SO ORDERED.**

**SIGNED this 24 day of March, 2021.**



*Austin E. Carter*
_____
Austin E. Carter
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Addie Mae Simmons, | ) | Case No. 15-10291-AEC |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| Addie Mae Simmons, | ) | |
| | ) | |
| Plaintiff/Debtor, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 21-1001-AEC |
| | ) | |
| Wilmington Savings Fund, FSB | ) | |
| d/b/a Christiana Trust as Trustee | ) | |
| for PNPMS Trust II, | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

This matter having come on for a pre-trial and scheduling conference in accordance with Federal Rule of Civil Procedure 16, made applicable through Federal Rule of Bankruptcy Procedure 7016, and the Court having consulted with the attorneys for the parties, IT IS ORDERED as follows:

1. **Discovery:**

    (a) The parties shall complete all discovery on or before **Tuesday, June 22, 2021**. No extension of time will be granted except for good cause and upon a showing of diligence during the initial discovery period. The filing of motions shall not toll or extend the discovery deadline, unless specifically ordered by the Court. The conduct of any discovery which would require a later due date shall be permitted only by order of the Court.

    (b) Counsel shall attempt to resolve discovery controversies without the Court's intervention. The Court will consider motions with regard to such matters only if counsel are unable to resolve the dispute after a good faith attempt to do so. Any motion shall include a certification that such attempt has been made. Unless otherwise ordered by the Court, motions to compel discovery may not be filed more than fourteen (14) days after the close of discovery.

    (c) At the earliest opportunity within the discovery period, each party shall submit to the opposing party a list of all expert witnesses expected to testify at trial on such party's behalf. Each list shall contain the name, address, and specialty of each expert. A copy of each expert's written report, or other information required by Federal Rule of Civil Procedure 26(a)(2), made applicable through Federal Rule of Bankruptcy Procedure 7026, shall be attached.

2. **Motions**:

    (a) Motions for Summary Judgment:

    (i) Motions for summary judgment shall be filed as promptly as possible, but, unless otherwise permitted by Court order, must be filed no later than thirty (30) days after the close of discovery.

    (ii)    Parties should consult the Court's Local Rule 7056-1 as to content of pleadings and as to response deadline.

(b)    <u>Other Motions/Response Deadlines</u>:

Unless otherwise specified in the Local Rules, the Federal Rules of Bankruptcy Procedure, or the Federal Rules of Civil Procedure (as may be applicable), any responses to motions must be filed within twenty-one (21) days of service of the motion.

(c)    <u>Hearings on Motions</u>:

All motions, including motions for summary judgment, will be decided by the Court without a hearing unless otherwise ordered by the Court on its own initiative or in its discretion upon request of a party. A party desiring a hearing on a motion should make a request by written motion.

**3.**    **<u>Pre-Trial Stipulation</u>:**

The parties shall file a joint pre-trial stipulation no later than 45 days after the later of (i) the close of all discovery, or (ii) the Court's ruling on any motions for summary judgment. The pre-trial stipulation shall include the following:

(a)    A statement that the parties have met and conferred in an attempt to settle the issues raised in this proceeding. The Court expects that counsel will carefully consider and confer to determine whether some alternate dispute resolution procedure would aid the parties in settling the case. The statement filed pursuant to this paragraph should indicate whether either or both of the parties would like assistance from this Court in referring the case to an appropriate resolution advocate (neutral).

(b)    A stipulation reciting those material facts which are not subject to bona fide dispute.

    (c)    A brief statement of the case.

    (d)    A statement by each party of those factual matters upon which it relies, but which are in dispute.

    (e)    A statement by each party setting forth the legal propositions upon which it relies, together with citations of authority.

    (f)    A list of any pending motions requiring resolution prior to trial.

    (g)    A list of the names and addresses of all witnesses who shall be called, and may be called, including expert witnesses. Any objection to expert witnesses shall be separately set forth.

    (h)    A list of all exhibits which are proposed for admission. Any exhibit which is subject to objection shall be so identified. Any such objection shall be briefly summarized by the opposing party with citations of authority.

    (i)    An estimate of the amount of time necessary for trial.

**4.**    <u>**Exhibits**</u>:

A party expecting to offer exhibits into evidence at a hearing or trial shall:

    (a)    sequentially number the exhibits prior to the hearing or trial and mark each exhibit with such number and the name of the introducing party or other appropriate identification (e.g., plaintiff, defendant, debtor, creditor, trustee, etc.);

    (b)    provide a list of the exhibits that the party may use as part of its case in chief to opposing counsel, to any unrepresented party, and to the Court not later than the commencement of the hearing or trial if there are more than five exhibits;

    (c)    provide a copy of each exhibit for inspection and use by opposing counsel or unrepresented parties at the time it is first used at a hearing or trial; and

    (d)    provide an additional copy of each exhibit for the Court.

If exhibits are voluminous, it is preferable to submit a binder of exhibits to the Court before or at the start of the trial. The parties may submit a joint binder or separate binders of exhibits.

[END OF DOCUMENT]