**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| **IN RE: ADDIE MAE SIMMONS,** | **CASE NO. 15-10291** |
| *Debtor.* | **CHAPTER 13** |
| **ADDIE MAE SIMMONS,** | **ADVERSARY PROCEEDING NO. 21-01001** |
| *Plaintiff,* | |
| **v.** | |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTINA TRUST AS TRUSTEE FOR PNPMS TRUST II,** | |
| *Defendant.* | |

**BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND**

**MOTION FOR SANCTIONS.**

**Statement of the Case**

The underlying Chapter 13 bankruptcy case was filed on March 10, 2015. The 341(a) Meeting of Creditors was held on April 20, 2015 in Valdosta, Georgia. On April 14, 2015, Green Tree Servicing, LLC ("Green Tree") filed a proof of claim in the amount of $17,423.37 which stated that said amount was a "Charged Off Second Mortgage." On March 19, 2015, Debtor filed a Chapter 13 Plan that showed that this debt would be treated as an unsecured debt as the value of the real property did not exceed the amount owed to the first mortgage holder. This plan was subsequently confirmed by this Court. There is a first mortgage in favor of Carrington Mortgage Services f.k.a. Citi Financial in the amount of $58,340.46. The reasonable fair market value of the property is approximately $44,344.00. The second mortgage of Green Tree was assigned to Defendant after the confirmation of Debtor's Chapter 13 plan.

**I.**

**Bankruptcy cases do not die with the Debtor.**

Defendant's brief shows a complete lack of understanding of the bankruptcy process. Contrary to Defendant's assertions, bankruptcy cases do not die with the debtor.

Federal Rule of Bankruptcy Procedure 1016 provides as follows:

> *Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code.  In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.  If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.*

The law is clear that where possible, the death of the debtor should not influence the administration or resolution of a bankruptcy proceeding.  *In Re Peterson,* 897 F.2d 935 (8th Cir., 1990); *See In Re Lucio,* 251 B.R. 705 (W.D. TX, 2000); *In Re Gridley,* 131 B.R. 447 (Bankr. D. of S.D., 1991); *See also In Re Tikijian,* 76 B.R. 304 (Bankr. S.D.N.Y., 1987). The personal injury cases cited by Defendant are inapplicable here.

Here, it is clearly in the best interest of the estate that the case be continued.  Debtor's daughter has continued to make the payments on Debtor's confirmed Chapter 13 plan and continued to make payments on the first mortgage.  Based upon the amount of the first mortgage versus the value of the property there is clearly no equity in the property for Defendant's second mortgage to attach to.  ". . . if a debtor has proposed a confirmed plan that is still feasible after the death of the debtor, the court may allow the case to continue for the benefit of the debtor's estate." *In Re Sales,* 2006 Bankr. LEXIS 2373 (Bankr. N.D. Oregon, 2006, unreported opinion) quoting *Collier on Bankruptcy.*  Here the confirmed plan is still feasible, and completed, but for this issue, and in the best interest of the estate and the secured creditors.

This adversary proceeding is a core proceeding based upon the provisions of Ms. Simmons confirmed Chapter 13 plan.  This action is a part of and cannot be divorced from the underlying bankruptcy case.  The Debtor, Ms. Simmons, approved the provisions of the confirmed plan before it was

proposed and directed Debtor's counsel to strip the second mortgage. Under the terms of the confirmed Chapter 13 plan, which is an order of this Court, Debtor's counsel has an affirmative ethical obligation to the estate to prosecute this action to strip Defendant's lien. As the underlying bankruptcy case did not die with Ms. Simmons, neither does her claim to strip the second mortgage. FRBP 1016 and the cases cited above clearly state that where possible the bankruptcy case is to proceed *"in the same manner, so far as possible, as though the death or incompetency had not occurred."* "The bankruptcy proceeding will continue *in rem* with respect to the property of the estate, and the discharge will apply in personam to relieve the debtor, and his probate representative, of liability for dischargeable debts." *In Re Lucio,* 251 B.R. 705, 710 (W.D. TX, 2000). Just as a debtor's exemptions are determined at the time of filing regardless of the debtor's subsequent death, Ms. Simmons standing to bring this suit should be determined as of the time of the filing of her Chapter 13 case in 2015.

Although Debtor's position is that this is an *in rem* action which relates back to the date of the original filing of the case and may, therefore, proceed without a personal representative being appointed in probate, Ms. Simmons' daughter is, nevertheless, in the process of being appointed administrator of her mother's estate. Defendant's interrogatories probably could properly be answered by Debtor's counsel without a personal representative. Defendant's counsel was informed that debtor had died, and that a continuance was needed to probate her estate. There was nothing untrue or misleading about the statements made in requesting the continuance. There is no prejudice to Defendant by any delay in waiting for Debtor's daughter to qualify as Administrator. The legal notice for Administrator is being run in the Cairo Messenger during the month of August so that Mrs. Simmons daughter may be sworn in in September. Defendant's assignor, Green Tree, have sat on their hands and done nothing since 2015. Defendant's counsel is attempting to turn Mrs. Simmons untimely demise and the filing of this adversary into a "Gotcha Moment" to dismiss the adversary on a technicality, when there is no "good faith" defense to the underlying issues of ownership and valuation. As shown above, Defendant's arguments on its Motion to Dismiss are totally without merit and should be denied.

**II.**

**Defendant's claim for sanctions under 28 U.S.C. § 1927 is without merit.**

Defendant's claim for sanctions under 28 U.S.C. § 1927 is itself unreasonable and vexatious. The provisions of Debtor's confirmed Chapter 13 plan, from *2015,* clearly states "As the value of Debtor's homestead property is less than the amount owed to Citi Financial, first mortgage holder the second mortgage held by Greentree shall be treated as unsecured." Chapter 13 Plan of Addie Mae Brown, Special Provision No 3. This plan was served on Defendant's predecessor in interest, Green Tree, who made no objection to it. Debtor's counsel was justified in assuming that this action would not be opposed since the Proof of Claim filed by Green Tree Servicing, LLC states that its claim is a "Charged Off Second Mortgage." The Defendant in this case is a junk debt buyer who is engaged in buying uncollectable charged off debts which are part of bankruptcy estates. They are now attempting to collect a second mortgage on a piece of property that has no equity on an account that has been in bankruptcy since 2015. As such, the Defendant, Wilmington, has little or no credibility. If anyone is engaged in "unreasonable and vexatious" litigation it is Wilmington, not Debtor's counsel.

Debtor's counsel was *required* by the terms of the confirmed Chapter 13 plan to file this action which is a part of and relates back to the Chapter 13 case filed in 2015. In this district the Chapter 13 Trustee routinely allows the cases of deceased debtors to proceed under Rule 1016 so long as the plan payments continued to be made. It is the policy in the middle district to allow a deceased debtor to obtain a discharge as long as the debtor attends a 341, completes the plan payments either herself or by family on her behalf, completes the second credit counseling, and a certificate of plan completion is filed by the debtor or his or her representative. John DeLoach, the Standing Chapter 13 Trustee for the Albany Division, has reviewed this case and this adversary and has no opposition to the case continuing or for the daughter as administrator to be substituted as the appropriate party to succeed the debtor. Debtor's family which has standing to object to any probate matters, unlike Defendant, has consented to her daughter as

administrator. Filing this adversary was an essential part of the plan providing for the discharge of this debt as to this creditor.

Unfortunately, it is a common event for a debtor to pass away during the pendency of the chapter 13 bankruptcy. Debtor's counsel in this district have routinely been allowed by the Court to sign and submit Certificates of Plan Completion on behalf of deceased or incapacitated debtors. Family members regularly bring payments to the office and make payments for family members. Mrs. Simmons' address was changed so that her daughter who was in charge of the debtor's payments prior to her passing would obtain all notices. There is nothing unusual about changing a debtor's address, whether or not debtor has passed away, to ensure that a family member obtains notices. Before accusing an opposing attorney of improper practices, an attorney should verify the commonly followed practices within the Court division, which in this case is the Middle District, Albany Division and not the Bankruptcy Court for the Northern District or Superior Court that would have jurisdiction over personal injury cases as cited counsel in his brief. The Bankruptcy Court regularly deals with low income individuals that need family assistance to make and deliver payment to counsel.

According to the title standards followed by Chicago Title and Commonwealth Title insurers, Addie Mae Simmons owns the property with her co-owner, Curtis Garland after the property was redeemed following a tax sale. Once the property was redeemed, ownership reverted back to both original owners, even though Mr. Garland was the recipient of a quitclaim deed after payment. Therefore, according to commonly followed title insurance standards, Addie Mae Simmons has an insurable interest in the property at issue which will be inherited by the heirs of Addie Mae Simmons. Mrs. Simmons appointed her daughter Adrian Leeks as the contact person for her Chapter 13 bankruptcy case, prior to her passing due to her age and health problems during the case. Mrs. Leeks volunteered to be administrator of the estate. All heirs have cooperated, consented to the probate of the estate with Mrs. Leeks as administrator, and signed acknowledgments. An order for notice of administrator was signed by the Probate Judge of Grady County on August 3, 2021. As the legal ad is run the newspaper for the next

four weeks, Mrs. Simmons daughter will be sworn in as administrator on or about September 15, 2021 and can be added as a party and can answer discovery.

Green Tree and its assigns have been on actual notice since 2015 that their second mortgage was to be treated as unsecured. If any party has "unreasonably multiplied the proceedings" it is Defendant and its counsel. Defendant's motion is without merit and should be dismissed.

**RESPECTFULLY SUBMITTED,** this the 4th day of August, 2021.

   /s/Shelba D. Sellers
Shelba D. Sellers
Attorney for Debtor
P.O. Box 1157
Thomasville, GA 31799
(229) 226-9888
shelba_sellers@yahoo.com
Georgia Bar No. 635510

   /s/ Mark E. Mitchell
Mark E. Mitchell
Attorney for Debtor
P.O. Box 1157
Thomasville, GA 31799
(229) 226-9888
mark@sellersandmitchell.com
Georgia Bar No. 513405