**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| IN RE:<br><br>ADDIE MAE SIMMONS,<br><br>   Debtor. | Case No. 15-10291<br>Chapter 13 |
| ADDIE MAE SIMMONS,<br><br>   Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST AS TRUSTEE FOR PNPMS TRUST II,<br><br>   Defendant. | Adversary No. 21-01001 |

**WILMINGTON'S REPLY TO THE RESPONSE TO ITS
MOTION TO DISMISS AND FOR SANCTIONS**

COMES NOW, Wilmington Savings Fund, FSB d/b/a Christiana Trust as Trustee for PNPMS Trust II ("Wilmington"), and files this Reply to the Response to its Motion to Dismiss for lack of a real party in interest and Motion for Sanctions pursuant to 28 U.S.C. § 1927, respectfully showing this Honorable Court as follows:

**ARGUMENT AND CITATION OF AUTHORITY**

**A.    ELEVENTH CIRCUIT PRECEDENT DICTATES THAT THIS CASE MUST BE DISMISSED**

Ms. Sellers's response to the Motion reflects a fundamental misunderstanding of litigation. In her leading argument, Ms. Sellers contends that it was appropriate to name a deceased individual as a plaintiff because Fed. R. Bankr. P. 1016 provides that in the event of the

1

death of a chapter 13 debtor, "the case may be dismissed; or if further administration is possible and in the best interests of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." However, contrary to what Ms. Sellers may think, this does not mean that she can go around filing adversaries without any formal representative of the debtor being the plaintiff.

To begin with, Rule 1016 has one stark difference between chapters 7 and 13 that illustrates this point. A chapter 7 case simply continues. To the contrary, a chapter 13 case continues only "so far as possible . . . ." In a chapter 7 case, a debtor has no standing to initiate adversary proceedings and can only act through the trustee. *See Bernstein v. Wells Fargo Bank, N.A. (In re Bernstein)*, 525 B.R. 505, 508 (Bankr. N.D. Ga. 2015) (citations omitted). Chapter 13 debtors, on the other hand, "have standing to pursue claims and conduct litigation in their own name on behalf of the bankruptcy estate." *In re Goins*, 465 B.R. 704, 706 (Bankr. N.D. Ga. 2012) (collecting cases). Thus, it will always be possible for a trustee to litigate and take further action in a chapter 7 case where the debtor has died, making the "so far as possible" language unnecessary. In a chapter 13 case, though, there needs to be a person who can take action on behalf of a deceased debtor. "The case can only 'continue' or 'proceed' if someone is permitted to act in the bankruptcy case on behalf of the deceased debtor." *In re Inyard*, 532 B.R. 364, 368 (Bankr. D. Kan. 2015) (quoting *In re Kosinski*, No. 10-bk-28949, 2015 WL 1177691, at * 3 (Bankr. N.D. Ill. March 5, 2015)). When there is no such person – such as here – it is simply not possible for an adversary to be commenced.

Moreover, an entirely different set of rules apply to the procedure in adversary proceedings, those being the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 7002. In particular, Fed. R. Civ. P. 17 expressly applies in adversary proceedings. *See* Fed. R. Bankr. P.

2

7017. Rule 17 requires that adversary proceedings be filed in the name of the real party in interest, which as explained in Wilmington's initial brief cannot be a dead person. There is absolutely no authority cited, nor any that is known of, to support Ms. Sellers's argument that "Ms. Simmons standing to bring this suit should be determined as of the time of the filing of her Chapter 13 case in 2015." [Doc. 29] at p. 3. To buy into this argument would require the Court to accept the proposition that an attorney can bring litigation on their own accord, without the participation of a living plaintiff, and have carte blanche authority to make all decisions in the case, including settlement. Having a dead plaintiff testify or be deposed is clearly not possible. The same goes for the outlandish suggestion set forth by Ms. Sellers that "Defendant's interrogatories could probably be answered by Debtor's counsel without a personal representative." *Id.* The Federal Rules of Civil Procedure clearly do not allow for this, even when a plaintiff is living. *See* Fed. R. Civ. P. 33(b)(1)(A). The fallacy of this argument is further evident when one considers if Ms. Simmons had been pro se in the underlying bankruptcy case. Who would be the person to initiate the filing of an adversary proceeding? Would a non-attorney file and pretend that the debtor was still alive? That certainly would not be permissible. Quite simply, a dead person cannot initiate a lawsuit or adversary proceeding in federal court without doing it through a lawfully appointed personal representative of their estate. In fact, one of the cases cited by Ms. Sellers – *In re Peterson*, 897 F.2d 935 (8th Cir. 1990) – shows in the case caption that the Debtor's personal representative filed the adversary proceeding. The other cases that she cited are not adversary proceedings and thus are inapplicable.

Since Fed. R. Civ. P. 17 applies in adversary proceedings just as it does in lawsuits initiated in district court, this Court is obligated to follow the binding precedent from *In re Engle Cases*, 767 F.3d 1082 (11th Cir. 2014), in which the Eleventh Circuit held that a case must be

3

dismissed when a dead person is named as the plaintiff unless doing so was the result of "an understandable mistake, because the determination of the correct party to bring the action is difficult." *Id.* at 1109. Since that is not the situation here, this adversary proceeding must be dismissed.

**B.    SANCTIONS ARE APPROPRIATE HERE**

Ms. Sellers takes the unbelievable position – after hiding the fact of her client's death for nearly two years – that "Defendant's claim for sanctions under 28 U.S.C. § 1927 is itself unreasonable and vexatious." [Doc. 29] at p. 4. She follows this statement with an *ad hominem* attack on Wilmington, saying that it is just a "junk debt buyer" and therefore "has little or no credibility." *Id.*

The next portion of the response speaks of the standard practices in this district. Notwithstanding that standard practices and the opinion of the Chapter 13 Trustee cannot supplant the law, the argument set forth is in relation to the administration of the underlying bankruptcy case after a debtor's death. As noted above, that is completely different from the initiation of an adversary proceeding since the Federal Rules of Civil Procedure apply. The clearly established law in the Eleventh Circuit – and likely everywhere else – provides that dead people cannot file lawsuits without doing so through a lawfully appointed representative of their estate. Wilmington has wasted countless hours and money defending[1] a case that should have never been filed in the first place.

---

[1] Although not relevant, Ms. Sellers suggested that Wilmington is being unreasonable and vexatious by defending the case in the first place since the plan provides that the subject security deed would be unsecured. Wilmington is well within its rights to defend this case, as Ms. Simmons is not a party to the subject security deed and, as admitted by Ms. Sellers in the response, Ms. Simmons was not on the deed reconveying the subject property after a tax sale. Thus, it is a perfectly reasonable argument that the subject security deed that the Debtor did not sign cannot be stripped off a property that was never part of the bankruptcy estate.

4

If Ms. Sellers needed time to get Ms. Simmons's daughter appointed as personal representative, she should have notified the Court and asked for the underlying bankruptcy case to remain open until that occurs so she can later file an adversary with the correct plaintiff. Instead, she hid the death of Ms. Simmons until it became apparent that she could not do so any longer. This case is very appropriate for sanctions under 28 U.S.C. § 1927 and Wilmington's motion should be granted.

## CONCLUSION

Based on the foregoing, Wilmington respectfully renews its request that this Court grant its Motion to Dismiss and for Sanctions.

Respectfully submitted, this 11th day of August, 2021.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com

*Attorney for Wilmington Savings Fund, FSB d/b/a Christiana Trust as Trustee for PNPMS Trust II*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August 2021, I caused a copy of the within and foregoing to be filed by CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)