IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

**IN RE: ADDIE MAE SIMMONS,**   CASE NO. 15-10291

*Debtor.*   CHAPTER 13

---

**ADDIE MAE SIMMONS,**   ADVERSARY PROCEEDING NO. 21-01001

*Plaintiff,*

**v.**

**WILMINGTON SAVINGS FUND SOCIETY,
FSB d/b/a CHRISTINA TRUST AS TRUSTEE
FOR PNPMS TRUST II,**

*Defendant.*

### MOTION TO AMEND THE COMPLAINT TO ADD A NECESSARY PARTY AND/OR SUBSTITUTE ADMINISTRATOR FOR DECEASED DEBTOR/PLAINTIFF

COMES NOW, SHELBA D. SELLERS, and respectfully requests the Court to approve her request for the substitution and/or addition of Adrian Leeks, Plaintiff's daughter and heir, as Administrator of the Estate of Addie Mae Simmons and as Successor-in interest to Debtor/Plaintiff Addie Mae Simmons, who is deceased, and shows the Court following:

1.

The Debtor filed Bankruptcy in 2015.

2.

The Debtor was on an older, African American female living on social security benefits and family contributions and who needed all the benefits of Chapter 13 including lien stripping a second mortgage to make her home affordable.

3.

Mrs. Simmons lived with Curtis Garland in her family home for many years. She was added to the home title in 1995 by her mother who had owned the home since 1976. Mrs. Simmons added her boyfriend Curtis Garland to her home title as she needed a loan for home improvements.

4.

Mrs. Simmons attended her creditors meeting in 2015, and her Chapter 13 plan was approved in 2015.  There were no objections to the lien stripping provision, and the second mortgage holder filed a claim showing the debt was based on a "charged off" second mortgage. The lien stripping adversary was requested by Mrs. Simmons as part of her Chapter 13 plan and before her untimely death. Due to her age and infirmities, Mrs. Simmons appointed her daughter, Adrian Leeks, as the primary person to contact in all matters regarding her case after confirmation. The contact address for debtor was changed to the daughter's address near the end of debtor's case.

5.

All payments were made to the trustee, and the debtor's daughter submitted a Certificate of Plan Completion and Request for Discharge on her mother's behalf.

6.

Reviewing the case for completion, debtor's attorney realized that the second mortgage had been listed in the plan as subject to lien stripping provisions based on valuation and lack of equity for the second mortgage-holder. Current decisions require lien stripping to be served by an adversary proceeding to ensure notice to the creditor. As the creditor filed a claim acknowledging the "charged off" of the second mortgage, there were no issues with proper notice to the creditor prior to confirmation, which is binding on all parties and subject to the doctrine of res judicata. By filing a claim, the creditor subjected itself to the jurisdiction of the Court and recognized debtor's legal and equitable title ownership to the property. No payments were made to the creditor, and no Motion for Relief was filed by the creditor during the case or prior to plan completion to dispute the creditor's treatment or lack of payments.

7.

The adversary was filed prior to the deadline for objections to the trustee's final report and before the case was closed.

8.

After discovery was served, Plaintiff's attorney realized that Plaintiff's daughter would be the appropriate party to sign the discovery answers as the debtor had passed away at the end of her Chapter 13. Debtor's attorney contacted opposing counsel and asked for a continuance of discovery in order for Debtor's daughter to be appointed Administrator of the Estate of the Debtor. The attorney for the creditor consented to the continuance.

9.

Debtor's daughter, Adrian Leeks, is an heir to the real estate at issue. She has lived in the home with Addie Mae Simmons and Curtis Garland, whom she called and considered her stepfather. She is familiar with all bankruptcy proceedings and the real estate at issue. She was appointed by her mother as contact person after filing. Debtor's daughter is the appropriate party to answer discovery and has answered the discovery and served her answers on defendant's attorney.

10.

Debtor's daughter, Adrian Leeks, was unanimously selected by all heirs as Administrator of the Estate of Addie Mae Simmons, with the Probate proceedings being filed in early August 2021. The ad for the proposed administrator is being run in the Cairo Messenger newspaper for four weeks as required by law. Mrs. Leeks was sworn in as Administrator on September 15, 2021. See attached order appointing Adrian Leeks as Administrator of the Estate of Addie Mae Simmons and Letters of Administration.

11.

As the Debtor is deceased and her daughter has been named as Administrator and is also an heir and familiar with these proceedings, it is in the best interests of the Debtor's estate that her daughter be added as a party to the proceedings as Successor in interest to debtor, as an heir of the debtor, and as Administrator of the Estate of debtor Addie Mae Simmons.

12.

Debtor, even if posthumously, completed her case and is entitled to a discharge of all debts including the lien stripping debt of Defendant. This case was properly filed under the name of the Debtor.

13.

Defendant's attorney and his client have not been harmed by any alleged delay, including the three-month continuance, as his client has not received payment in six years and consented to the continuance. Debtor's daughter is on a limited income herself, and one of her brothers also died in March 2021. His children's guardian was required to consent to the appointment of Mrs. Leeks as Administrator, and willingly consented.

14.

The probating of an estate is time consuming and expensive for a family on a limited income. The Court should take into consideration the costs and expense of probate in considering the timeliness of Mrs. Simmons' daughter's probating her mother's estate.

15.

Debtor's attorney has not been paid to type and file the administration for the Debtor's daughter but is completing the process as a courtesy until she can afford to make payments on the probate process.

For the above and foregoing reasons, SHELBA D. SELLERS, respectfully requests that the Court grant the Motion to Amend the Complaint to Add a Necessary Party and/or Substitute Administrator for Deceased Debtor/Plaintiff in the above-referenced case to Adrian Leeks, administrator of the estate of Addie Mae Simmons as a party to this proceeding.

This the 17th day of September, 2021.

/s/ *Shelba D. Sellers*
Shelba D. Sellers
GA Bar No. 635510
Post Office Box 1157
Thomasville, GA 31799
(229) 226-9888
shelba_sellers@yahoo.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day served a copy of the foregoing document upon all parties listed below either by electronic notice for those requesting such service, or by placing adequate postage thereon to ensure proper deliver and depositing same in the first-class United States mail to ensure delivery thereof.

**Bret Chaness**
**Rubin Lublin, LLC**
**3140 Avalon Ridge Place, Suite 100**
**Peachtree Corners, GA 30071**

Dated this 17th day of September, 2021.

                                                      */s/ Shelba D. Sellers*
                                                      Attorney for Debtors
                                                      Georgia Bar No. 635510

Sellers & Mitchell, P.C.
Post Office Box 1157
Thomasville, GA  31799
shelba_sellers@yahoo.com
Tel: 229-226-9888
Fax: 888-319-7471