IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| IN RE:<br><br>ADDIE MAE SIMMONS,<br><br>    Debtor. | Case No. 15-10291<br>Chapter 13 |
| ADDIE MAE SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST AS TRUSTEE FOR PNPMS TRUST II,<br><br>    Defendant. | Adversary No. 21-01001 |

**WILMINGTON'S RESPONSE IN OPPOSITION TO MOTION TO AMEND COMPLAINT**

COMES NOW, Wilmington Savings Fund, FSB d/b/a Christiana Trust as Trustee for PNPMS Trust II ("Wilmington"), and files this Response in Opposition to the Motion to Amend the Complaint (the "Motion to Amend") [Doc. 32], respectfully showing this Honorable Court as follows:

**ARGUMENT AND CITATION OF AUTHORITY**

**A.   THIS CASE IS A NULLITY AND AN AMENDMENT CANNOT CURE THE DEFECT**

As Wilmington detailed in its Brief in Support of its Motion to Dismiss [Doc. 27], Debtor Addie Simmons died on October 12, 2019. *See* [Doc. 27] at p. 2. Not only that, but the Debtor's attorney, Shelba Sellers, was well aware of this fact and never disclosed it to the Court. Instead,

1

she filed this case in the name of a deceased person with the expectation that this case would be "resolved . . . by default or consent order." *Id.* at p. 3. Only after the issue was brought to the Court's attention by Wilmington did Ms. Sellers even begin the process of opening a probate estate for the Debtor. *See* [Doc. 31] at p. 2, ¶ 10 (probate case not filed until August 2021). Now that the Debtor's daughter, Adrian Leeks, has been appointed as the Administrator of the Debtor's estate, Ms. Sellers has moved to amend the Complaint to substitute Ms. Leeks as the Plaintiff. However, that cannot be done because this case is a nullity.

"[T]he majority of federal and state courts that have considered the issue agree that an action filed in the name of a pre-deceased plaintiff is not viable." *In re Asbestos Products Liability Litigation (No. VI)*, 311 F.R.D. 152, 156 (E.D. Pa. 2015) (collecting cases). In other words, the case is a nullity from its inception. *Id.* "Because the original complaints in these cases do not exist in a legal sense, they may not be amended nor may plaintiffs be substituted." *Id.* at 155 (citing *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968)). In a case dismissed by the district court as a nullity due to the plaintiffs being dead at filing, the Eleventh Circuit affirmed the dismissal, but on different grounds without deciding whether the case was a nullity. *See In re Engle Cases*, 767 F.3d 1082 (11th Cir. 2014). Those alternative grounds are equally applicable here, and were outlined by Wilmington in its Brief in Support of its Motion to Dismiss:

> In *Engle*, the Eleventh Circuit was reviewing the dismissal of "588 personal injury cases filed on behalf of purportedly living cigarette smokers who, as it turns out, were dead at the time of filing . . . ." 767 F.3d at 1086. The district court dismissed the cases, finding them to be nullities that could never be saved because a dead person cannot file a lawsuit. *Id.* at 1104. On appeal, the Eleventh Circuit declined to address this argument and instead focused on Rules 15 (amendment of pleadings) and 17 (real party in interest). *Id.* at 1108 n.30. Based on these rules, the Court held that Rule 15 could not be used in conjunction with Rule 17 to amend a complaint to substitute the real party in interest as the plaintiff under the specific facts of *Engle*. This is because Rule 17(a)(3), regarding

> substitution of the real party in interest, is only "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Id.* at 1109 (quoting Fed. R. Civ. P. 17, Advisory Comm. Notes, 1996 Amend.). "Accordingly, 'most courts have interpreted . . . Rule 17(a) as being applicable only when the plaintiff brought the action [in the name of the wrong party] as a result of an understandable mistake, because the determination of the correct party to bring the action is difficult.'" *Id.* (quoting *Wieburg v. GTE Sw. Inc.*, 272 F.2d 302, 308 (5th Cir. 2001) (collecting cases)).
>
> The attorney for the purported plaintiffs in *Engle* explained "in exceptionally broad terms" that he had collected nearly 3,000 clients for tobacco cases by 1998 and tried to remain in contact with them during the pendency of a prior class action. *Id.* at 1110. He said that some clients had been lost in the process and, when a savings statute deadline was coming up, elected to name every person he had signed up as a client by 1998, nearly a decade before the cases were filed. *Id.* The Court noted that some cases were filed on behalf of smokers who dies in the mid-'90s, and no explanation was made of those plaintiffs. *Id.* Based on these facts, the Eleventh Circuit concluded that Rule 17(a)(3) was unavailable because the attorney failed to show that he made any understandable mistake or that it was difficult to determine the proper plaintiffs. *Id.* at 1114-15. Thus, the cases had to be dismissed. *Id.*
>
> Here, the facts are arguably more egregious than *Engle*. Rather than an attorney who appeared to be simply negligent in failing to follow up with clients to confirm they were alive, this Court is faced with an attorney who intentionally filed on behalf of a person whom she knew died in 2019, apparently with the hopes that the defendant would either not respond or immediately consent to the relief being sought without asking any questions. And when she was confronted with this fact, she dug in her heels and said, "I don't see what the big deal is." *See* Ex. D. The big deal is that there is no "understandable mistake," and therefore substitution of the possible, eventual real party in interest is not permitted. This case must be dismissed.

[Doc. 27] at pp. 4-5.

Wilmington asserts that this Court should agree with most other courts around the country in deeming this case a nullity from its outset. That this should be the result is further evidenced by the fact that the movant in the Motion to Amend is Ms. Sellers, the attoirney, who is not a party in any sense of the word. *See* [Doc. 32] at pp. 1, 3. However, even if this Court disagrees that the case is a nullity, binding case law from the Eleventh Circuit in *Engle* dictates

3

that, under the facts of this case Rule 17 cannot be utilized in conjunction with Rule 15 to amend the Complaint. Thus, the Motion to Amend should be denied and this case dismissed.

## CONCLUSION

Based on the foregoing, Wilmington respectfully requests that this Court deny the Motion to Amend.

Respectfully submitted, this 23rd day of September, 2021.

>
> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, Georgia 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for Wilmington Savings Fund, FSB d/b/a Christiana Trust as Trustee for PNPMS Trust II*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2021, I caused a copy of the within and foregoing to be filed by CM/ECF, which will serve notice on all parties.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)

4