## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: ADDIE MAE SIMMONS, | CASE NO. 15-10291 |
| *Debtor.* | CHAPTER 13 |

ADDIE MAE SIMMONS,                          ADVERSARY PROCEEDING NO.  21-01001

*Plaintiff,*

**v.**

WILMINGTON SAVINGS FUND SOCIETY,
FSB d/b/a CHRISTINA TRUST AS TRUSTEE
FOR PNPMS TRUST II,

*Defendant.*

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**Issue Presented:** Whether Debtor's plan provision for lien stripping a second mortgage lien is enforceable as part of a confirmed and subject to res judicata as to ownership, valuation, and debt owed.

**Summary of Argument:** Debtor's Chapter 13 plan was confirmed without objection by defendant's predecessor in interest, precluding defendant's current arguments as to ownership; and the history of the case, confirmed plan and affidavits attached to the motion reflect legal title, equitable title and ownership, and no dispute as to valuation and debt owed.

### STATEMENT OF FACTS

1.

The Plaintiff/Debtor filed Bankruptcy in 2015.

2.

Mrs. Simmons attended her creditors meeting in 2015, and her Chapter 13 plan was

confirmed in 2015.  The Chapter 13 plan contained specific lien stripping language as to creditor

Greentree, Defendant's predecessor in interest. There were no objections to the lien stripping

provision, and the second mortgage holder filed a claim showing the debt was based on a

"charged off" status of second mortgage.

3.

Plaintiff/Debtor filed this adversary against Defendant Wilmington Savings Fund

Society, FSB dba Christina Trust as Trustee for PNPMS Trust II, hereinafter referred to as

"Wilmington," for the relief demanded in her complaint. Plaintiff shows that the instant action is

a second mortgage lien stripping adversary based on a confirmed Chapter 13 plan with proper

notice to the creditor prior to confirmation and subject to res judicata. Plaintiff shows that there

are no genuine issues of material fact and that Plaintiff is entitled to a judgment as a matter of

law.

4.

The lien stripping adversary was contemplated in the Chapter 13 plan and requested by

Mrs. Simmons as part of her Chapter 13 plan before her untimely death.

5.

All payments were made to the Trustee, and the Debtor's daughter submitted a Certificate

of Plan Completion and Request for Discharge on her mother's behalf.

6.

Plaintiff's Schedules and Claims filed show that Plaintiff/Debtor was a legal title owner

and an equitable title owner having owned the property, resided upon the property, paid taxes,

paid the insurance through the escrow, which is reflected in the first mortgage-holder's proof of

claim, and has made all payments on both the first mortgage during the case, and the second

mortgage until filing the Chapter 13 case. The Schedules show a value of $44,344,00 and a debt

of $57,076.71 for the first mortgage; therefore, there was no equity for the second mortgage-

holder. In fact, Defendant's mortgage servicer recognizes Mrs. Simmons in its own

correspondence to debtor. See letter from State Bridge mortgage servicer, attached to the

Plaintiff's Motion.

7.

As the original second mortgage creditor, Greentree, filed a claim acknowledging the

"charged off" status of the second mortgage, there were no issues with proper notice to the

creditor prior to confirmation, which is binding on all parties and subject to the doctrine of res

judicata. By filing a claim, the creditor subjected itself to the jurisdiction of the Court and

recognized debtor's legal and equitable title ownership to the property. No payments were made

to the creditor, and no Motion for Relief was filed by the creditor during the case or prior to plan

completion to dispute the creditor's treatment or lack of payments. There is no dispute as to

ownership, value or debt owed.

8.

The adversary was filed prior to the deadline for objections to the Trustee's final report

and before the case was closed.

9.

Debtor's daughter, Adrian Leeks, was unanimously selected by all heirs as Administrator

of the Estate of Addie Mae Simmons, with the Probate proceedings being filed in early August

2021. See order appointing Adrian Leeks as Administrator of the Estate of Addie Mae Simmons

and Letters of Administration, attached in Plaintiff's Motion.

10.

Debtor, even if posthumously, completed her case and is entitled to a discharge of all debts, including the lien stripping debt of Defendant. This case was properly filed under the name of the Debtor.

11.

The Plaintiff's live-in boyfriend, Curtis Garland, was added as a co-owner by deed. When the property was redeemed after a tax sale, the legal tile ownership reverted back to Curtis Garland and Addie Mae Simmons, who continued to live on the property after Curtis Garland's passing in 2012, and  according to the standards set forth by Chicago Title.  The reversion makes Ms. Simmons a legal title owner, and her status of living upon the property and paying the first mortgage, taxes and insurance make her an equitable owner as well.

**ARGUMENT**

The supporting Affidavit of Adrian Leeks, Debtor's daughter and proposed successor as Plaintiff,  the original Chapter 13 plan, and the Court confirmed plan establish the requirements for lien stripping in a Chapter 13 plan.  See Affidavit of Adrian Leeks, Affidavit of Marcus Simmons, original plan and confirmed plan, attached in the Plaintiff's Motion.

The Court may take judicial notice of the history of the Chapter 13 case, all claims filed in the case, the Trustee's Notice of Final Cure Mortgage payment, with no negative response, filed at the end of the case, and the discharge, which has been entered. See copies of pacer docket report, claim of first mortgage holder, Wilmington/Carrington, and claim of second mortgage-holder, originally Greentree now Wilmington, and debtor's discharge, all attached to the Motion for Summary Judgment. As the value of debtor's real estate is $44,344.00, based on the tax value, and the debt owed to the first mortgage-holder is $57,076.00, there is no equity for the second mortgage-holder.

To prevail on a Motion for Summary Judgment, the movant has the burden of proving that there are no genuine issues of material facts and that the facts when viewed in the light most favorable to the non-moving Defendant warrant judgment for Movant as a matter of law. When Movant is the Plaintiff, the Plaintiff has the burden to show a prima facie case and to refute respondent's affirmative defenses. See Coastal Plains Trucking vs. Thomas County Federal, 224 Ga App. 885 (1997). Here the confirmed plan provides res judicata as to ownership, valuation and debt, and the debtor's pay history, by completing the plan and first mortgage payments, which she co-signed,  proves equitable ownership. Defendant's own actions during the case show acquiescence to the above plan, ownership and valuation.

When there are no issues of material fact, the Court should grant summary judgment as a matter of law. See Gray vs. Manklow, 246 F.3d1332, 1334 (11th Cir. 2001).

The Debtor has shown that her property is valued at  $44,344.00, based on the tax value, and the debt owed to the first mortgage-holder is $57,076.00. With a debt owed to the first mortgage-holder of $57.076.00, there is no equity to support Defendant's second mortgage, and the Defendant is precluded by the res judicata effect of the plan from arguing otherwise as to ownership, valuation and debt owed.

For the above and foregoing reasons, SHELBA D. SELLERS, respectfully requests that the Court grant the Motion for Summary Judgment and enter an order discharging the second mortgage lien of defendant.

This the 18th day of October, 2021.

/s/ *Shelba D. Sellers*
Shelba D. Sellers
GA Bar No. 635510
Post Office Box 1157
Thomasville, GA 31799
(229) 226-9888
shelba_sellers@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document upon all parties listed below either by electronic notice for those requesting such service, or by placing adequate postage thereon to ensure proper deliver and depositing same in the first-class United States mail to ensure delivery thereof.

**Bret Chaness**
**Rubin Lublin, LLC**
**3140 Avalon Ridge Place, Suite 100**
**Peachtree Corners, GA 30071**

Dated this 18th day of October, 2021.

/s/ *Shelba D. Sellers*
Attorney for Debtors
Georgia Bar No. 635510

Sellers & Mitchell, P.C.
Post Office Box 1157
Thomasville, GA  31799
shelba_sellers@yahoo.com
Tel: 229-226-9888
Fax: 888-319-7471